[Civ. No. 2329.   Second Appellate District.—June 23, 1917.]

JOHN A. McDONAGH, Petitioner, v. INDUSTRIAL ACCI-
DENT COMMISSION, Respondent.

WORKMEN'S COMPENSATION ACT—FINDINGS OF COMMISSION—CONFLICT
OF EVIDENCE—CERTIORARI.—Upon *certiorari* proceedings to review
an award made by the Industrial Accident Commission under the
Workmen's Compensation Act, findings of the commission made
upon conflicting evidence will not be disturbed.

APPLICATION for a Writ of Review originally made to
the District Court of Appeal for the Second Appellate Dis-
trict to review an award made by the Industrial Accident
Commission.

The facts are stated in the opinion of the court.

M. J. McGarry, for Petitioner.

Christopher M. Bradley, for Respondent.

Duke Stone, for Defendants Western Indemnity Company
et al.

JAMES, J.—Return has been made upon an alternative
writ of review issued herein.   Petitioner was injured by the
overturning of a conveyance in which he was riding, and he
applied to the respondent Industrial Accident Commission
for an order directing certain allowances to be made to him
under the provisions of the act of the legislature.   The com-
mission found in favor of the petitioner as against J. Farrell
MacDonald, but determined by its findings that no contract
of employment existed between petitioner and the American
Woman Film Company at the time of the accident.   Peti-
tioner was not satisfied with the finding exonerating the Film
Company and prosecuted this writ for the purpose of having
reviewed the evidence heard by the commission.   It is claimed
that the evidence is insufficient to support the finding in favor
of the Film Company, and that the uncontradicted evidence
established that at the time petitioner received the injuries
for which compensation was asked he was regularly pursuing
his work under contract of employment with the company

named. Of course it will be conceded at the outset that, in order to allow petitioner's contention, it must appear from the evidence without any conflict whatsoever that the employment existed as claimed. The testimony of the petitioner as submitted to the commission was that he had been first employed by one Parker, the general manager of the Film Company, as publicity man; that the company desired to produce a certain picture the scenario of which had been written by Mrs. Emerson, president of the Film Company; that as the company desired a man competent to direct and oversee the production of the picture, he (the petitioner) introduced J. Farrell MacDonald to Mrs. Emerson, and that a contract was entered into by which MacDonald undertook to arrange the scenes and supervise the taking of the picture. By this contract, which was shown in evidence, it appeared that, so far as the work of taking the picture was concerned, MacDonald was to act in the capacity of an independent contractor and for a certain fixed sum have the picture taken, furnishing all necessary appurtenances and assistants. Petitioner testified that his arrangement with Parker provided for a compensation of fifty dollars per week for his services as publicity man, and that after the making of the contract with MacDonald, Parker, general manager of the company, requested MacDonald to employ petitioner as one of his assistants in the taking of the picture, which MacDonald did, agreeing to pay therefor the sum of fifty dollars per week. This latter compensation was regularly paid, so petitioner testified, by MacDonald while the work of taking the scenes was in progress. On the day the accident occurred the petitioner, together with other members of the company engaged in the making of the picture, were returning from a "location," or place where they had been at work with the camera. For some reason the conveyance in which they were riding was overturned and petitioner was thrown out, suffering quite severe injuries, by reason of which he was confined to the hospital for a considerable length of time thereafter and several operations were required to be performed upon one of his limbs. From the statement of the evidence now given it appears that if the petitioner at the time of the accident was performing work solely within the requirements of his engagement with MacDonald, the Film Company would not be responsible for any injuries suffered by him, for the reason that, as before noted, MacDonald was

an independent contractor with the absolute right to engage, hire, and discharge and direct his own assistants. The contention of petitioner as expressed generally in his evidence was that at all times while working under his engagement with MacDonald he was also performing duty as a publicity agent for the Film Company for which Parker, the general manager, had promised to pay him the sum of fifty dollars per week. Parker was not produced as a witness, it being stated that he was not within the jurisdiction of the commission. In the course of his testimony, when petitioner was asked to define closely the character of his work, he gave answers which were not positive or very specific in elucidation of that proposition. For instance, he was asked this question: "Then you considered while you were on location in their affairs—as you assisted in the direction of the taking of this picture, you were in the employ of J. Farrell MacDonald as assistant director and at the same time you were publicity man for the American Woman Film Company. Is that correct?" To which answer was made as follows: "Substantially correct. It is such a technical thing I can't decide that, and I am not going to answer it." Mrs. Emerson, the president of the company, while admitting that Parker, the general manager, could have made a contract of employment without the knowledge of other members of the concern, stated that the company never had any publicity work to do, except in connection with the particular picture that was being manufactured and for which MacDonald was employed, and that the books of the Film Company only showed petitioner's name as being engaged in the taking of the picture as one of the four men employed by MacDonald—that she had never heard of petitioner as being publicity man for the company. She further testified that, because of some objection made by petitioner to her accompanying the company while the camera was being used, she had requested of Parker and other members of the concern that petitioner be discharged, and was informed that petitioner's employment was with MacDonald and that the company had no authority over him and no right to discharge him. All of the circumstances and conditions affecting the matter of the work of MacDonald and this petitioner in taking the picture were quite fully laid before the commission. Enough has been indicated in the foregoing to justify the inference that at the time of the accident at which

petitioner, received his injuries he was working for Mac-Donald and not performing any contractual duty toward the Film Company. Notwithstanding the fact that petitioner testified directly that he had been employed by Parker, the commission was not bound to take that statement and exclude the evidence of pertinent circumstances which pointed toward another conclusion.

Proof of such conditions and circumstances inconsistent with the statements of petitioner had the effect of producing a substantial conflict in the evidence. When we have reached that point the functions of this court in the matter of the review are at an end. This matter was before the commission on original hearing and a rehearing was afterward granted, further testimony heard, and the findings as previously made reaffirmed. There was some evidence to support these findings as made.

The findings and award of the commission are affirmed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.